**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Richard Dickson,<br><br>  Plaintiff,<br><br>v.<br><br>Travelers Casualty Insurance Company of America,<br><br>  Defendant. | No. CV-23-01906-PHX-DJH<br><br>**ORDER** |

This matter involves an insurance dispute arising out of a car accident. Defendant Kristy Brown ("Defendant Brown") previously filed a Motion to Dismiss Plaintiff William Richard Dickson's ("Plaintiff") claims against her under Federal Rule of Civil Procedure 12(b)(6). (Doc. 10). The Court granted this motion. (Doc. 41). Now, Defendant Brown seeks attorney's fees of $20,044.00 under A.R.S. § 12-341.01(A), Federal Rule of Civil Procedure 54 and Arizona District Court Local Rule 54.2, arguing that Plaintiff's claims were not meritorious. (Doc. 47). The matter is fully briefed. (Docs. 49, 53). The Court will award Defendant Brown the fees she seeks.

**I.  Background**

Plaintiff was involved in a two-car-collision with non-party Timothy Schneider. (Doc. 1-2 at ¶ 18). Plaintiff alleges he incurred $151,182.00 of medical expenses due to this collision. (*Id*. at ¶ 19). Mr. Schneider's insurance gave Plaintiff the full $100,000.00 limit under his policy. (*Id*. at ¶ 20). Plaintiff notified his insurance company, Defendant Travelers Casualty Insurance Company of America ("Defendant Travelers"), of the

underinsured claim, but it and Defendant Brown (Travelers claims adjustor) failed to resolve his claim in good faith. (*Id*. at ¶¶ 21–25).

Due to this "bad faith conduct" Plaintiff sued Defendant Brown, Defendant "John Doe" Brown, Defendant Travelers (collectively "Defendants"), and other unknown parties and corporations who may have caused or contributed to his claims in Arizona state court.[1] (*Id*. at 2). Plaintiff purported to bring the following causes of action against Defendant Travelers and Defendant Brown:

- breach of contract (*Id*. at ¶¶ 30–33);
- breach of the covenant of good faith and fair dealing (*Id*. at ¶¶ 34–36);
- declaratory judgment seeking a declaration that clarifies the "parties' rights and obligations" under the policy (*Id*. at ¶¶27–29).

Plaintiff seeks declaratory relief, monetary damages and attorney's fees from Defendants. (*Id*. at 5).

The Court previously dismissed Plaintiff's claims for breach of contract, breach of the covenant of good faith and fair dealing, and declaratory judgment against Defendant Brown. (Doc. 41 at 9). The Court dismissed the breach of contract claim because it found that Plaintiff had not alleged that Defendant Brown was a party to the policy—which is a requirement to a breach claim under Arizona law. (*Id*. at 5 (citing *Riverwalk Condo. Unit Owners Ass'n v. Travelers Indem. Co.*, 2018 WL 3774084, at *2 (D. Ariz. June 28, 2018)). The Court dismissed Plaintiff's claim for breach of the covenant of good faith and fair dealing against Defendant Brown because "Defendant Brown is an insurance adjuster for Defendant Travelers, therefore, she 'cannot be directly liable for breaching the covenant of good faith and fair dealing because [she] is not a party to the insurance contract from which that covenant derives.' " (*Id*. at 6 (quoting *McGhee v. Sedgwick Claims Mgmt. Servs. Inc*., 2019 WL 1598032, at *2 (D. Ariz. Apr. 15, 2019)). Finally, the Court dismissed the only remaining claim against Defendant Brown, Plaintiff's declaratory judgment claim, because Plaintiff did not allege Defendant Brown was a party to the contract and "[t]here cannot be

---

[1] The Court terminated any unknown, unidentified parties after the Notice of Removal was filed. (Doc. 9).

- 2 -

an 'actual controversy' regarding a contract which Defendant Brown is not a party to." (*Id*. at 8 (quoting 28 U.S.C. § 2201(a)).[2] The Court granted Plaintiff leave to amend their Complaint but noted that any claims for "breach of contract, breach of the covenant of good faith and fair dealing, or declaratory judgment against Defendant Brown would still fail as a matter of law—as illustrated above." (*Id*. at 9).

Now, Defendant Brown seeks fees associated with her involvement in this matter: $20,011.00 for 83.5 total hours billed as well as $33.00 for costs associated with delivering a courtesy copy of their Motion to Dismiss to the Court. (Doc. 47 at 9).

## II.     Legal Standard

A party seeking an award of attorneys' fees must show it is (1) eligible for and (2) entitled to an award, as well as that the amount sought is (3) reasonable. LRCiv 54.2(c). Eligibility and entitlement to an award is dependent on "the applicable statutory or contractual authority upon which the movant seeks an award[.]" LRCiv 54.2(c)(1). Defendant Brown specifically seeks fees under A.R.S. § 12-341.01(A), which provides that in "any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees." This award "should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense." *Id*. at § 12-341.01(B).

Diversity jurisdiction provides the sole basis for this Court's jurisdiction. "A federal court sitting in diversity applies state law in deciding whether to allow attorney's fees when those fees are connected to the substance of the case." *Larry's Apartment*, 249 F.3d 832, 838 (9th Cir. 2001). To award attorneys' fees under Section 12-341 the Court must find that this action "***arises out of a contract***, that Defendants are the 'successful' or prevailing party, that an award of attorneys' fees is appropriate, and that the requested fees are

---

[2] The Court notes that Plaintiff advanced the following argument against dismissal of the declaratory judgment claim, which shows an absence of any justification: "Having worked for a federal judge and having worked as insurance defense counsel for the better part of two-decades (including time on the Arizona insurance defense board), I find both the arguments of Brown and absence of well-established authorities a great concern in terms of the communication with the Court." (Doc. 13 at 5).

reasonable." *Kaufman v. Warner Bros. Ent. Inc*., 2019 WL 2084460, at *4 (D. Ariz. May 13, 2019) (citing *Lexington Ins. Co. v. Scott Homes Multifamily Inc*., 2016 WL 5118316, at *2 (D. Ariz. Sept. 21, 2016) (emphasis added)). "Ultimately, any award under A.R.S. § 12-341.01 'should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense.' " *Id*. (quoting A.R.S. § 12-341.01(B)). "The award 'need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid.' " *Id*. (quoting A.R.S. § 12-341.01(B)). Trial courts "have broad discretion when determining whether to award fees under § 12-341.01(A)." *Karon v. Safeco Ins. Co. of Am.,* 2021 WL 5416632, at *2 (D. Ariz. Nov. 19, 2021) (citing *Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (en banc)).

### III. Discussion

Defendant Brown seeks $20,011.00 in attorney's fees and $33.00 in nontaxable costs for defending against Plaintiff's claims. (Doc. 47 at 1). Plaintiff narrowly argues that Arizona Rule of Civil Procedure 54(g) requires a request of fees in the principal motion to recover fees, and because Defendant Brown did not make this request, she is not entitled to fees. (Doc. 49 at 2–3). The Court will first address this initial matter before turning to the factors enumerated in Local Rule 54.2(c).

#### A. Arizona Rule of Civil Procedure 54(g)

Plaintiff argues that ARCP 54(g) requires a request of fees in the principal motion to recover fees. Indeed, this ***procedural*** rule requires that "[a] claim for attorney's fees must be made in the pleadings or in a Rule 12 motion before the movant's responsive pleading." Ariz. R. Civ. P. 54(g)(1). However, federal procedure provides otherwise. *See FaulknerUSA, Inc. v. Durrant Grp., Inc*., 2014 WL 12696934, at *1 (D. Ariz. Jan. 29, 2014) (citing Fed. R. Civ. P. 54(d)(2)(A)). So, since this is a federal diversity action, the Court will apply the State's substantive requirements (A.R.S. § 12-341.01(A)—but not its procedural requirements (ARCP 54(g)). *See Larry's Apartment*, 249 F.3d at 838; *see also Gasperini v. Ctr. for Humanities, Inc*., 518 U.S. 415, 419 (1996). ("Under the *Erie*

doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."); *Bldg. Innovation Indus., L.L.C. v. Onken*, 473 F. Supp. 2d 978, 986 (D. Ariz. 2007) (noting that A.R.S. § 12–341.01(A) is "is substantive in nature"). Therefore, Defendant Brown's failure to include a request for fees in her Motion to Dismiss (Doc. 10) does not preclude her from seeking reasonable fees here.

### B.     Eligibility

Defendant Brown is eligible for an award of reasonable attorney's fees under A.R.S. § 12-341.01(A) as she was the successful party in this litigation. (Doc. 41). As each of these claims were premised on the existence of an alleged contract, "Defendants are eligible for a fee award under A.R.S. § 12-241.01(A) for the work performed defending these claims." *Kaufman v. Warner Bros. Ent. Inc.*, 2019 WL 2084460, at *5 (D. Ariz. May 13, 2019) (citing *Harris v. Maricopa Cty. Superior Court*, 631 F.3d 963, 974–75 (9th Cir. 2011) (holding that the defendant was eligible for an award of attorneys' fees for work performed on the plaintiff's claims for breach of contract and the duty of good faith and fair dealing, as these claims were "explicitly premised on the existence of an implicit contract that the district court found did not exist"); *see also Chaurasia v. Gen. Motors Corp.*, 126 P.3d 165, 177 (Ariz. Ct. App. 2006) ("A defendant seeking attorneys' fees under A.R.S. § 12–341.01(A) need not be a party to the contract forming the basis for the award.").

### C.     Entitlement

"Mere eligibility under § 12-341.01(A) does not establish entitlement to fees. Rather, the court must exercise its discretion to determine whether attorneys' fees should be awarded." *Kaufman*, 2019 WL 2084460, at *5 (citations omitted). Arizona courts typically consider the following six factors to determine entitlement to fees under Section 12-341.01(A):

    (1) whether the unsuccessful party had a meritorious claim;

    (2) whether the legal question presented was novel;

    (3) whether litigation could have been avoided such that the successful party's efforts were superfluous;

(4) whether fees against the unsuccessful party would result in extreme hardship;

(5) whether the successful party prevailed in all respects, and;

(6) whether an award would discourage parties with tenable claims from litigating legitimate contract issues out of fear of incurring attorney fees.

*See Karon,* 2021 WL 5416632, at *2. "No single factor can be determinative and the court is to weigh all of the factors in its exercise of its discretion." *Cheeks v. Gen. Dynamics Corp.*, 2014 WL 5465285, at *3 (D. Ariz. Oct. 28, 2014) (citation omitted). The Court will address each factor in turn.

### 1. Merits & Novelty of Plaintiff's Claims

Here, the merits of Plaintiff's claim and its novelty are related, and so, the Court addresses these factors together. The Court concluded that none of Plaintiff's claims against Defendant Brown could be maintained due to well settled principles of Arizona law. (Doc. 41). The Court specifically found that Plaintiff had not plausibly alleged his breach of contract claim, could not bring a claim for breach of the covenant of good faith and fair dealing against Defendant Brown under Arizona law, and his declaratory judgment claim would be duplicative and was not plausibly alleged due to 28 U.S.C. § 2201(a)'s actual controversy requirement. (*Id*. at 4–8). Given the existence of binding authority on these issues, the Court finds that Plaintiff's claims were neither meritorious nor novel. *Karon,* 2021 WL 5416632, at *2.

### 2. Avoidance of Litigation

This litigation was avoidable. "This factor looks primarily to whether a non-litigation solution was not pursued that could have solved the problem and whether litigation was not necessary." *11333, Inc. v. Certain Underwriters at Lloyd's, London*, No. CV-14-02001-PHX-NVW, 2018 WL 1570236, at *6 (D. Ariz. Mar. 30, 2018). Defendant Brown states that she attempted to avoid the litigation after suit by repeatedly attempting to get Plaintiff to dismiss the "knowingly improper" suit against her to no avail. (Doc. 47 at 5). Plaintiff has not responded to this argument. (Doc. 49). Litigation was indeed unnecessary as the claims against Defendant Brown were ultimately dismissed based on

well settled law. (Doc. 41 at 9). So, this factor weighs in favor of Defendant Brown's entitlement to reasonable attorney's fees. *Karon,* 2021 WL 5416632, at *2.

### 3. Extreme Hardship

Plaintiff has not argued any hardship or asserted that the fees Defendant Brown seeks would cause extreme hardship. (Doc. 49). Thus, without any objection from Plaintiff, this factor weighs in favor of granting fees. *See Garcia v. Salt River Project Agric. Improvement & Power Dist.*, 618 F. Supp. 2d 1092, 1099 (D. Ariz. 2007) (citing LRCiv. 7.2(i)) ("Generally, a party's failure to respond to arguments in a motion 'may be deemed consent to the denial or granting of the motion and the Court may dispose of the motion summarily.' ").

### 4. Prevailing Party & Discouragement of Legitimate Claims

These two final factors also weigh towards granting fees. Defendant Brown undoubtedly prevailed in all respects as the Court dismissed all of Plaintiff's claims against her. (Doc. 41 at 9); *see also Basmajian v. Compass Bank*, 2018 WL 3023295, at *4 (D. Ariz. Mar. 20, 2018) (finding that the defendant prevailed in all respects where the court dismissed all claims against them). Furthermore, a chilling effect due to granting fees in this case is unlikely as Plaintiff's claims were not meritorious. (Doc. 41 at 9). Instead, an award of fees may serve to deter such plaintiffs from filing similarly frivolous lawsuits. *Ajman Stud v. Cains*, 2020 WL 5034219, at *5 (D. Ariz. July 21, 2020), ("[A]n award of attorneys' fees in this case may serve to deter others in this field from engaging in similar conduct as [the] [d]efendants.").

In sum, the above factors weigh in favor of Defendant Brown's entitlement to attorney's fees.

### D. Reasonableness

Now that the Court has addressed Defendant Brown's entitlement and eligibility to fees, it will address the reasonableness of her fees sought. "The award of reasonable attorney fees [under Section 12-341.01] should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to

the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(B).

"In determining reasonable attorneys' fees in commercial litigation, the 'beginning point . . . of a reasonable fee is the . . . the actual billing rate which the lawyer charged in the particular matter." *Admiral Ins. Co. v. Cmty. Ins. Grp. SPC LTD*., (quoting *Schweiger v. China Doll Rest*., 673 P.2d 927, 931 (Ariz. Ct. App. 1983) (Arizona courts hold that "in corporate and commercial litigation between fee-paying clients, there is no need to determine the reasonable hourly rate prevailing in the community for similar work because the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case"). The party opposing the fee award "must provide specific references to the record and specify which amount of items are excessive." *In re Indenture of Tr. Dated Jan. 13, 1964*, 326 P.3d 307, 319–20 (Ariz. Ct. App. 2014). An award may be reduced for hours not "reasonably expended." *Travelers Indem. Co. v. Crown Corr, Inc*., 2012 WL 2798653, at *6 (D. Ariz. July 9, 2012).

Under the Arizona Supreme Court's Rules of Professional Conduct and Local Rule 54.2(c)(3), the following factors are to be considered in determining the reasonableness of an attorney fee request:

- the time and labor required;
- the novelty and difficulty of the questions involved;
- the skill requisite to perform the legal service properly;
- the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
- the fee customarily charged in the locality for similar legal services;
- the amount involved and the results obtained;
- the time limitations imposed by the client or by the circumstances;
- the nature and length of the professional relationship with the client;
- the experience, reputation, and ability of the lawyer or lawyers performing the services;
- the degree of risk assumed by the lawyer;
- whether the fee contracted between the attorney and the client is fixed or contingent, the "undesirability" of the case, and awards in similar actions.

*Cains*, 2020 WL 5034219, at *5 (citing A.R.S. Sup. Ct. Rules, Rule 42, Rules of Prof.

Conduct, ER 1.5; LRCiv. 54.2(c)(3)).

### 1. Counsel's Hourly Rates and her Experience, Skill and Ability

Defendant Brown states that her counsel, Amy M. Samberg, is a senior equity partner with Clyde & Co US, LLP, who has more than thirty years of experience representing insurance companies in insurance coverage litigation. (Doc. 47 at 10). Based on this, the Court finds that counsel in this matter had adequate experience, reputation, skill and ability.

Ms. Samberg states in her Affidavit in Support that she billed a fixed rate of $300 per hour on this matter until November of 2023 when she increased her rates to $375 per hour. (Doc. 47-1 at 3). This rate is presumed to be reasonable. *See Schweiger v. China Doll Rest., Inc*., 673 P.2d 927, 931–32 (Ariz. Ct. App. 1983) ("the rate charged by the lawyer to the client is the best indication of what is reasonable under the circumstances of the particular case.").

### 2. Time and Labor Required

Defendant Brown's counsel billed a total of 83.5 hours in connection with this action, resulting in the total fees billed being $20,011.00. Defendant Brown states that his includes hours billed to defend against Plaintiff's claims as well as the time spent preparing this Motion. (Doc. 47 at 9). Generally, the prevailing party is "entitled to recover a reasonable attorneys' fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest[.]" *Twin City Sportservice v. Charles O. Finley & Co*., 676 F.2d 1291, 1313 (9th Cir. 1982). Overall, the Court finds the time and labor required to represent Defendant Brown as accounted for in the billing entries are accurate and reasonable (Doc. 47-2). *See* LRCiv 54.2(e)(2) ("The party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated.").

### 3. Preclusion of Other Employment and Time Constraints

Counsel states that she was not precluded from other employment because of the acceptance of this action and that Defendant Brown did not impose any time limitations

1 upon her other that the deadlines imposed by procedural rules. (Doc. 47 at 10).

### 4. The Novelty and Difficulty of the Issues

Defendant Brown notes that the Court's decision turned-on bedrock principles of Arizona law, but that "significant legal research was required to identify the case law required to properly raise the defense of lack of privity as applied to an insurance adjuster." (Doc. 47 at 10). Indeed, the issues involved in the Motion to Dismiss were not novel. Nor would the Court describe the issues raised in the Motion as "difficult"—especially for someone with Ms. Samberg's experience in insurance litigation.

### 5. The Amount Involved, Degree of Risk and Desirability of the Case

Counsel states that this case was not particularly undesirable, but that the amount at stake here was $178,071.93 based on Plaintiff's sought damages as well as consequential damages, punitive damages, fees and costs. (Doc. 47 at 10). Defendant Brown did not address the risk involved here. Ms. Samberg also states that this case "was not particularly undesirable." (*Id*. at 11).

### 6. Awards in Similar Actions

Defendant Brown points the Court to two similar cases where the Court granted similar fees in similar actions: *Stud v. Cains*, 2020 WL 5034219 (D. Ariz. July 21, 2022). Indeed, within this district, other Courts have awarded similar total fees to what Defendant Brown seeks. *See e.g.,* 11333, Inc., 2018 WL 1570236, at *6 (finding that an hourly rate of $500.00 "is within the Phoenix market for highly skilled, experienced, and regarded lawyers for complex high-dollar commercial litigation"); *Cheeks*, 2014 WL 5465285, at *7 (D. Ariz. Oct. 28, 2014) (awarding $24,720.00 for 74 hours of work in preparing a motion for summary judgment which resulted in the dismissal of a breach of contract counterclaim).

These factors, when considered in the aggregate, demonstrate that the fees Defendant Brown seeks are reasonable.

### E. Total Award

The Court finds, in conclusion, that Defendant Brown has shown that she is eligible

1   for and entitled to fees for defending against Plaintiff's claims. She has also shown that
2   the fees she seeks are reasonable. So, the Court will grant Defendant Brown $20,011.00
3   for 83.5 total hours incurred in defending against Plaintiff's claims and preparing this Fee
4   Motion. The Court will also award her $33.00 for nontaxable costs associated with
5   delivering a courtesy copy of the Motion to Dismiss to chambers. *See* A.R.S. § 12-341
6   ("The successful party to a civil action shall recover from his adversary all costs expended
7   or incurred therein unless otherwise provided by law.").
8   　　　Accordingly,
9   　　　**IT IS ORDERED** that Defendant Brown's Motion for Attorney's Fees (Doc. 47)
10  is **GRANTED**. Plaintiff shall pay $20,044.00 in attorney's fees and costs to Defendant
11  Brown within 60 days of this Order. Defendant Brown shall file a notice of satisfaction
12  **within 7 days** of receipt of the full amount of fees and costs as outlined in this Order.
13  　　　Dated this 11th day of February, 2025.

Honorable Diane J. Humetewa
United States District Judge