**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wiliam Richard Dickson, | No. CV-23-01906-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Travelers Casualty Insurance Company of America, et al., | |
| Defendants. | |

On October 13, 2025, Defendant Travelers Property Casualty Company of America[1] ("Defendant") filed a Motion for Attorney Fees (Doc. 65). Plaintiff William Richard Dickson ("Plaintiff") did not file a response. As a result, Defendant filed a Motion for Summary Disposition (Doc. 66) on December 15, 2025, requesting that its Motion for Attorney Fees be summarily granted under LRCiv. 7.2(i). Plaintiff likewise did not file a response to this Motion.

Local Rule of Civil Procedure 7.2(i) provides:

> If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

LRCiv. 7.2(i). While the Court agrees that Defendant's Motion can be summarily decided given Plaintiff's lack of response, it will briefly address a few points.

---

[1] Defendant Travelers Property Casualty Company of America was erroneously named "Travelers Casualty Insurance Company of America."

Defendant seeks attorney fees under A.R.S. § 12-341.01.  Under Arizona law, a trial court may grant a discretionary award of attorney fees to a prevailing party "[i]n any contested action arising out of a contract, express or implied."  A.R.S. § 12-341.01(A); *see Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (en banc) (explaining the "broad discretion of the trial court" to award attorney fees under § 12-341.01(A)).  To recover attorney fees under § 12-341.01(A), "(1) the moving party must be 'the successful party,' and (2) the action must 'aris[e] out of a contract.' "  *Rindlisbacher v. Steinway & Sons Inc.*, 2021 WL 2434207, at *4 (D. Ariz. 2021) (quoting § 12-341.01(A)).

Here, Plaintiff's claims against Defendant arise out the insurance policy Plaintiff maintained with Defendant.  Defendant successfully moved for partial summary judgment on Plaintiff's Breach of the Implied Covenant of Good Faith and Fair Dealing claim as well as Plaintiff's claim for punitive damages.  (*See* Doc. 61).  And Plaintiff's remaining claims were later dismissed for failure to prosecute.  (*See* Doc. 64).  Based on these outcomes, Defendant is the prevailing party.  *See Vasquez v. Ameriprise Ins. Co.*, 2022 WL 801715, at *2 (D. Ariz. 2022) ("[Defendant] was successful in achieving full relief against [Plaintiff] following the Court's ruling on [Defendant's] summary judgment and is thus entitled to an award of attorney fees pursuant to A.R.S. § 12-341.01."); *Harris v. Reserve Life Ins. Co.*, 762 P.2d 1334, 1339 (Ariz. Ct. App. 1988) ("We have held that when a plaintiff's complaint is dismissed because of plaintiff's failure to prosecute, the defendant may be considered the successful party for purposes of recovering costs pursuant to A.R.S. § 12–341.").  Moreover, Defendant established that all six of the factors considered in awarding fees under § 12-341.01 militate in its favor (*see* Doc. 65 at 5–9), and Plaintiff failed to refute any of Defendant's assertions.  Therefore, the Court finds that Defendant is entitled to fees under A.R.S. § 12-341.01(A).

Once entitlement to fees is established, "the burden then shifts to the party challenging the fees to show that the fees are unreasonable."  *Best Western Intern., Inc. v. Patel*, 2008 WL 544820, at *4 (D. Ariz. 2008).  Defendants properly submitted itemized billing lists from its counsel.  (*See* Doc. 65-2).  It was then incumbent upon Plaintiff to

object to the reasonableness of the rates or hours worked.  Plaintiff failed to raise any such objection.  Thus, the Court finds that Defendant's counsels' rates and time worked were reasonable.

In sum and pursuant to LRCiv. 7.2(i), the Court finds that Defendant's requested fees of $88,938.00[2] and costs in the amount of $5,024.60 are reasonable and that Defendant is entitled to these amounts under A.R.S. § 12-341.01(A).

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Attorney Fees (Doc. 65) and Motion for Summary Disposition (Doc. 66) are **GRANTED**.  Plaintiff shall pay Defendant attorney fees in the amount of **$88,938.00** and costs in the amount of **$5,024.60**.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment in favor of Defendant accordingly.

Dated this 4th day of May, 2026.

Honorable Diane J. Humetewa
United States District Judge

---

[2] The Court recognizes that Defendant requested $88,948.00 in attorney fees.  Defendant noted that its total fees incurred were $105,444.00, and it subtracted $20,011.00 from this amount in light of the fees already awarded to Defendant Brown.  (*See* Doc. 65-1 at ¶ 16).  However, that math comes out to $85,433.00, not $85,443.00 as Defendant stated.  In consequence, when the $3,505.00 in fees for preparing the Motion for Attorney Fees is added, the final total fees are $88,938.00, not $88,948.00.